# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FARIBA MOEINPOUR,** | ] |
| **Plaintiff,** | ] |
| v. | ]   2:21-cv-01302-ACA |
| **BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fariba Moeinpour used to work for the University of Alabama at Birmingham ("UAB"). She alleges that for years, her coworker, Defendant Mary Jo Cagle, harassed her based on her race and national origin. On the last occasion on which Ms. Moeinpour complained to a supervisor about Ms. Cagle's conduct, the supervisor physically attacked Ms. Moeinpour and had UAB police arrest her, ultimately leading to her termination. She filed suit against the Board of Trustees of the University of Alabama; Kelly Mayer, the Director of Employee Relations for UAB's Human Resources Department; and Ms. Cagle. The only claim against Ms. Cagle is for race and national origin harassment, in violation of 42 U.S.C. § 1981. Ms. Moeinpour seeks to hold Ms. Cagle liable either as a private individual or, in the alternative, as a state actor under 42 U.S.C. § 1983.

Ms. Cagle moves to dismiss the claim against her for failure to state a claim. (Doc. 14). Because Ms. Cagle's only argument with respect to the substance of the § 1981 claim fails to address whether she could have interfered in Ms. Moeinpour's performance of her contract and because Ms. Moeinpour has alleged facts that plausibly support the inference that Ms. Cagle was acting under color of state law, the court **DENIES** the motion to dismiss.

I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Ms. Moeinpour is a Middle Eastern woman of Iranian national origin. (Doc. 1 at 3 ¶ 6). UAB hired her in 2011 to work as a research scientist in Dr. Clinton Grubbs' laboratory. (Doc. 1 at 6 ¶ 19). Dr. Grubbs functioned as Ms. Moeinpour's supervisor. (Doc. 1 at 7 ¶ 25).

Ms. Cagle was an "Administrator" for UAB. (Doc. 1 at 5 ¶ 17). From Ms. Moeinpour's first day, Ms. Cagle harassed Ms. Moeinpour about her race and national origin. (*See id.* at 7–9 ¶¶ 23–29, 9–10 ¶ 31, 11–12 ¶¶ 34–38). Although Ms. Moeinpour complained to Dr. Grubbs and to a human resources employee, UAB took no action. (*Id.* at 9 ¶ 30, 10 ¶¶ 32–33, 11–13 ¶ 37). During Ms. Moeinpour's final complaint to Dr. Grubbs, he attacked her and then called

UAB police to report her for assault. (*Id.* at 14–15 ¶¶ 41–44). UAB ultimately fired Ms. Moeinpour. (*Id.* at 16 ¶ 46).

## II.   DISCUSSION

Ms. Moeinpour asserts one claim against Ms. Cagle: that Ms. Cagle, either in her individual capacity or while acting under color of state law, harassed Ms. Moeinpour based on her race and national origin.[1] (Doc. 1 at 28).

As an initial matter, Ms. Cagle moves to dismiss the part of the claim alleging that she acted under color of state law. (Doc. 14 at 6). When a plaintiff seeks to assert a § 1981 claim against a private individual, the plaintiff may do so based on § 1981 alone. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989) ("[W]e have read § 1 of the 1866 Act to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision . . . ."). But when a plaintiff asserts a § 1981 claim against a state actor, the plaintiff must do so through 42 U.S.C. § 1983, which requires the plaintiff to establish that the defendant acted under color of state law. *Butts v. Cnty. of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000).

---

[1] Ms. Moeinpour purports to assert a claim for national origin discrimination under § 1981. (*See* doc. 1 at 28 & 29 ¶ 102). Section 1981 does not provide a cause of action for national origin discrimination; that statute relates only to race discrimination. *See* 28 U.S.C. § 1981. However, because the same count states a claim for race discrimination under § 1981, the court will not address the national origin claim. *See Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. Unit B Mar. 23, 1981); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).

At the dismissal stage, Ms. Moeinpour has adequately alleged, in the alternative, that Ms. Cagle was either acting as a private individual or was acting "with authority possessed by virtue of [her] employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). At this stage, a plaintiff need not provide "detailed factual allegations," as long as the non-conclusory factual allegations provide plausible grounds to infer the elements of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Ms. Moeinpour's allegations provide plausible grounds to infer that Ms. Cagle, by harassing Ms. Moeinpour at work and while employed as an Administrator for UAB, was "abus[ing] the position given to [her] by the State" and was therefore acting under color of state law. *Griffin*, 261 F.3d at 1303.

Ms. Cagle also moves to dismiss the claim against her on the ground that, regardless of whether she was acting as a private individual or a state actor, she had no ability to interfere with Ms. Moeinpour's right to make and enforce contracts because Ms. Moeinpour does not allege that Ms. Cagle had any supervisory or decisionmaking authority over Ms. Moeinpour's employment with UAB. (Doc. 14 at 4–5)

Plaintiffs frequently rely on § 1981 to sue an employer for race discrimination. But § 1981 is not limited to employers; it provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce

4

contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines "mak[ing] and enforc[ing] contracts," to include the "performance . . . of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

In the Eleventh Circuit, "a third party's interference with those rights guaranteed under Sections 1981 and 1982 will subject such a person to personal liability." *Faraca v. Clements*, 506 F.2d 956, 959 (5th Cir. 1975). In a more recent case, the Eleventh Circuit again addressed whether a party who had no contractual relationship with the plaintiff could be liable for interfering in the plaintiff's contract with another. *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1172–74 (11th Cir. 2016); *see also Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1310 (11th Cir. 2010) (describing in dicta the Tenth Circuit's holding that "racially motivated interference with a contract can serve as the basis for a § 1981 claim"). The plaintiff, a physician, had an employment contract with a medical school that required him to obtain surgical privileges at a nearby hospital. *Moore*, 834 F.3d at 1169. After giving the plaintiff surgical privileges, the hospital engaged in discriminatory conduct, including "summarily suspending his privileges, diverting cases to white physicians outside of [the hospital], and failing to provide operating rooms for surgery to the African-American doctors of [the medical school]." *Id.* at 1174. The plaintiff sued the hospital and several individual physicians employed by the

5

hospital. *Id.* at 1171. The Eleventh Circuit held that the plaintiff stated § 1981 interference claim against all the defendants because their actions interfered with his performance of the contract between himself and the medical school. *Id.* at 1172–74.

Ms. Cagle's argument in support of dismissal is that she had no supervisory or decisionmaking authority over Ms. Moeinpour and therefore could not interfered with Ms. Moeinpour's right to make or enforce a contract. (Doc. 14 at 4–5). But the statutory definition of making and enforcing contracts includes performance of the contract. *See* 42 U.S.C. § 1981(b). Ms. Moeinpour does not address whether her alleged harassment could have interfered in Ms. Moeinpour's performance of her contract with UAB. As such, dismissal is inappropriate at this time and the court **DENIES** Ms. Cagle's motion to dismiss.

**DONE** and **ORDERED** this January 18, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE